IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRANSTECH PHARMA, INC.,**<br><br>4170 Mendenhall Oaks Parkway<br>Suite 110<br>High Point, NC 27265<br><br>Plaintiff,<br><br>v.<br><br>**HON. DAVID J. KAPPOS,**<br><br>Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office<br><br>Office of the General Counsel<br>United States Patent and Trademark Office<br>P.O. Box 15667<br>Arlington, VA 22215<br>Madison Building East, RM 10B20<br>600 Dulany Street<br>Alexandria, VA 22314<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff TransTech Pharma, Inc., by its undersigned attorneys, states the following for its complaint against the Honorable David J. Kappos (hereinafter "Kappos," "Director," or "Defendant"):

## NATURE OF ACTION

1. This is an action by the assignee of United States Patent No. 7,544,699 ("the '699 patent," attached as Exhibit A), pursuant to 35 U.S.C. § 154(b)(4)(A), seeking judgment that the patent term adjustment for the '699 patent be changed from 528 days to 754 days.

2. This action arises under 35 U.S.C. § 154(b)(4)(A) and the Administrative Procedures Act, 5 U.S.C. §§ 701-706.

## THE PARTIES

3. Plaintiff TransTech Pharma, Inc. (hereinafter "TransTech", "Plaintiff TransTech" or "Plaintiff") is a corporation organized under the laws of Delaware, having a principal place of business at 4170 Mendenhall Oaks Parkway, Suite 110, High Point, NC 27265.

4. Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office ("PTO"), acting in his official capacity. The Director is the head of the agency, charged by statute with providing management supervision for the PTO and for the issuance of patents. The Director is the official responsible for determining the period of patent term adjustment under 35 U.S.C. § 154(b)(3).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and is authorized to issue the relief sought pursuant to 28 U.S.C. § 1331, 1338(a), and 1361; 35 U.S.C. § 154(b)(4)(A); and 5 U.S.C. § 701-706.

6. Venue in this district is proper pursuant to 35 U.S.C. § 154(b)(4)(A).

7. This Complaint is timely filed in accordance with U.S.C. § 154(b)(4)(A).

## **BACKGROUND**

8. Adnan M.M. Mjalli, Robert C. Andrews, Xiao-Chuan Guo, Daniel Peter Christen, Devi Reddy Gohimmukkula, Guoxiang Huang, Robert Rothlein, Sameer Tyagi, Tripura Yaramasu, and Christopher Behme are the inventors of the invention claimed in U.S. Patent Application Serial No. 10/913,168 ("the '168 application") entitled "Aryl and Heteroaryl Compounds, Compositions, and Methods of Use," filing date of October 6, 2005, which issued as the '699 patent on June 9, 2009. A copy of the '699 patent is attached as Exhibit A.

9. Plaintiff TransTech is the owner of the '699 patent, as evidenced by the assignment document recorded with the PTO at Reel 015337/Frame 0967 on November 8, 2004, in which the inventors assigned all rights, title, and interest to TransTech, which is the real party in interest in this case.

10. Section 154 of title 35 of the United States Code requires that the Director of the PTO grant a patent term adjustment in accordance with the provisions of Section 154(b). Specifically, 35 U.S.C. § 154(b)(3)(D) states that "[t]he Director shall proceed to grant the patent after completion of the Director's determination of a patent term adjustment under the procedures established under this subsection, notwithstanding any appeal taken by the applicant of such determination."

11. In determining the patent term adjustment, the Director is required to extend the term of a patent for a period equal to the total number of days attributable to delay by the PTO under 35 U.S.C. § 154(b)(1), as limited by any overlapping periods of delay by the PTO as specified under 35 U.S.C. § 154(b)(2)(A), any disclaimer of patent term by applicant under 35 U.S.C. § 154(b)(2)(B), and any delay attributable to the applicant under 35 U.S.C. § 154(b)(2)(C).

12. The Director made a determination of patent term adjustment pursuant to 35 U.S.C. § 154(b)(3) of 528 days and issued the '699 patent reflecting that determination.

13. "An applicant dissatisfied with a determination made by the Director under paragraph (3) shall have a remedy by a civil action against the Director filed in the United States District Court for the District of Columbia within 180 days after the grant of the patent. Chapter 7 of Title 5 shall apply to such action." 35 U.S.C. § 154(b)(4)(A).

## CLAIM FOR RELIEF

14. The allegations of paragraphs 1-14 are incorporated in this claim for relief as if fully set forth.

15. The patent term adjustment for the '699 patent as determined by the Director under 35 U.S.C. § 154(b) and indicated on the face of the '699 patent is 528 days. (See Exhibit A at 1). The patent term adjustment determination of 528 days is in error because the PTO failed to account for two separate PTO delays. In particular, the PTO failed to properly account for the PTO delay that occurred after the date that was three years after the filing date of the '168 application, pursuant to 35 U.S.C. § 154(b)(1)(B). The correct patent term adjustment for the '699 patent is 754 days.

16. The applicants of the '699 patent filed a Petition Regarding Patent Term Adjustment (PTA) Filed Under 37 C.F.R. § 1.705(d) on June 18, 2009. This request for reconsideration was dismissed in a PTO decision that was mailed on July 7, 2009, affirming the determination of patent term adjustment of 528 days.

17. The '168 application was filed on August 6, 2004 and issued as the '699 patent on June 9, 2009.

18. Under 35 U.S.C. § 154(b)(1)(A), the number of days attributable to PTO examination delay ("A Delay") is 530 days. This A Delay period accounts for the PTO delay between the date that is fourteen months after the filing date of the '168 application (*i.e.*, October 6, 2005) and the date that the notification under 35 U.S.C. § 132 was mailed (*i.e.*, March 20, 2007).

19. Under 35 U.S.C. § 154(b)(1)(B), the number of days attributable to PTO delay ("B Delay") is 226 days. This B Delay period accounts for the PTO delay between the date that was three years after the actual filing date of the '168 application (*i.e.*, August 6, 2007) and the date that the '699 patent issued (*i.e.*, June 9, 2009), excluding the number of days in the period beginning on the date on which a request for continued examination was filed (*i.e.*, March 20, 2008).

20. Under 35 U.S.C. § 154(b)(2)(C), the number of days of applicant delay is 2 days.

21. "To the extent that periods of delay attributable to grounds specified in paragraph [154(b)](1) overlap, the period of any adjustment granted under this subsection shall not exceed the actual number of days the issuance of the patent was delayed." 35 U.S.C. § 154(b)(2)(A). Here, there is no overlap between the A Delay period and the B Delay period (*i.e.*, there is no A Delay period that occurred between August 6, 2007 and March 20, 2008).

22. The '699 patent is not subject to a terminal disclaimer.

23. The correct patent term adjustment under 35 U.S.C. §§ 154(b)(1) and 154(b)(2) is the sum of the A Delay period and the B Delay period (*i.e.*, 530 days + 226 days), reduced by the number of days of applicant delay (*i.e.*, 2 days). Accordingly, the correct patent term adjustment is 754 days.

24. The Director erred in the determination of patent term adjustment by treating the entire period of PTO examination delay under the A Delay period as a period of overlap between the A Delay period and the B Delay period, rather than correctly treating only that part of the A

Delay period that occurred after the date that was three years after the actual filing date of the '168 application. Therefore, the Director erroneously determined that the net patent term adjustment was 528 days.

25. In *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008), this Court explained the proper construction of the provisions of 35 U.S.C. § 154(b) for determining patent term adjustment. In accordance with *Wyeth*, the patent term adjustment for the '699 patent is properly determined to be 754 days as explained above (*i.e.* (530 days + 226 days) minus 2 days).

26. The Director's determination that the '699 patent is entitled to only 528 days is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and in excess of statutory jurisdiction, authority, or limitation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TransTech prays that this Court issues an Order:

(A)   Changing the period of patent term adjustment for the '699 patent term from 528 days to 754 days and requiring the Director to extend the term of the '699 patent to reflect the 754 day patent term adjustment; and

(B)   Granting other and further relief as the nature of this case may admit or require and as may be just and equitable.

This 4th day of December, 2009.

Respectfully submitted,

_/s/ Kenneth A. Godlewski_
Kenneth A. Godlewski, Esq. (D.C. Bar No. 468559)
KILPATRICK STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, D.C. 20005-2018
Tel:  (202) 508-5800
Fax:  (202) 508-5858

Attorney for Plaintiff TransTech Pharma, Inc.

Of Counsel:
Charles Calkins
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101
Tel:  (336) 607-7300
Fax:  (336) 607-7500